## J. W. HOPE v. DAVID HOLLIS.

[Abstract Kentucky Law Reporter, Vol. 5—319, 321.]

**Homestead.**

> Where a debt was created before the passage of the homestead act, or the purchase of the land was made or improvements were erected after the creation of the debt, no homestead claim can be asserted as against such debt.

**Quashing a Sale.**
> Motions to quash sales under execution will be sustained and the sales be quashed where the officer sells for a greater sum than he is required by the fi, fa.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 6, 1883.

OPINION BY JUDGE PRYOR:

There is a seeming hardship in this case, but like cases will often present themselves where the creditor has parted with his substance for the maintenance of the debtor and his family and when attempting to coerce payment is told that the homestead is exempt. The status of the property at the time the creditor attempts to deprive the debtor of his homestead must determine the question as to the right to sell it. If the debt was created prior to the passage of the act (Acts 1865-6, ch. 494; Gen. Stat. 1881, ch. 38, art. 13, §§ 9-16) or the purchase has been made or improvements erected after its creation, the homestead is liable. Here there was no purchase or improvements made. The land descended to the appellee, and this court has gone so far as to say that the debtor deriving the land by descent must have a reasonable time to enter upon and occupy it as a homestead as to antecedent creditors. The fact that the parties to the litigation hold the land as coparceners can make no difference, for when the debt is attempted to be enforced the appellee was in the possession and invested with title.

There is no question here as to the right of a court of equity to make each portion of the estate assigned in the division contribute its pro rata of the costs of partition, but on the contrary the appellee was in possession of the land claiming to hold adversely to the other heirs, and the litigation as to the title composed the bulk of the costs. The chancellor says that his possession was not hostile but amicable and directed a division. The judgment for costs gave no lien, any more than the coparcener would have if he had taken the note of the other for the rent of his portion. Nor is it material that a part of the liability accrued before the homestead law went into effect. The greater portion of the debt was incurred after this and the sheriff had no right to sell the homestead for it. A motion was the proper remedy. The writ had been levied on the property and sold after

notice of the claim to homestead. The chancellor had no power to sell it, and when the fact was made known upon notice given it was his duty to set the sale aside. Motions to quash sales under executions have long been entertained. If the officer sells for a greater sum than he is required by the fi. fa. the court will quash the sale, and if he sells property that is exempt we perceive no reason why a like remedy should not prevail.

The judgment is *affirmed*.

*P. B. Muir, for appellant.*

*Simrall & Bodley, for appellee.*

[Cited, *Hauns v. Central Ky. Lunatic Asylum*, 103 Ky. 562, 20 Ky. L. 246, 45 S. W. 890; *Galloway v. Rowlett*, 24 Ky. L. 2503, 74 S. W. 260.]